UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LYNDON VETERINARY CLINIC, PLLC, on behalf of itself and all others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>STERICYCLE, INC.,<br><br>                              Defendant. | Case No. 1:13-cv-2499<br><br>Judge Milton I. Shadur |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO STERICYCLE, INC.'S MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................1

II.   PLAINTIFF'S ALLEGATIONS ................................................................................2

III.  ARGUMENT ...........................................................................................................4

    A.     Plaintiff Has Pleaded Facts Sufficient to Sustain Its Claims under
           the ICFA...........................................................................................................4

         1.      Plaintiff's ICFA claim is based upon Stericycle's false statements
               and material omissions and not simply upon breach of contract. ...............5

         2.      Plaintiff has sufficiently alleged the elements of its ICFA claim. ...............9

         3.      The ICFA applies to Plaintiff's claims because the circumstances
               relating to the transaction at issue occurred substantially and
               primarily in Illinois. ..................................................................................12

    B.     Plaintiff Has Sufficiently Pleaded Its Common Law Fraud Claim.......................14

    C.     Plaintiff's Unjust Enrichment Claim is Valid Because It is Based on
           Conduct that is or May Be Outside the Contract Between the Parties .................14

IV.  CONCLUSION.......................................................................................................15

010362-11  620991 V2

# TABLE OF AUTHORITIES

**Page(s)**

<small>CASES</small>

*Active Disposal, Inc. v. City of Darien*,
  635 F.3d 883 (7th Cir. 2011) ...................................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .......................................4

*Avery v. State Farm Mut. Auto Ins. Co.*,
  216 Ill. 2d 100, 835 N.E.2d 801 (2005)............................................................5, 12, 13

*Brown v. Consumer Installment Lenders Processing Center, Inc.*,
  1996 WL 164294 (N.D. Ill. Apr. 1, 1996) ...............................................................11

*Connick v. Suzuki Motor Co., Ltd.*,
  174 Ill. 2d 482, 675 N.E.2d 584 (1996) ..................................................................11

*Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*,
  250 F.3d 570 (7th Cir. 2001) .................................................................................11

*Dent-A-Med, Inc. v. Lifetime Smiles, P.C.*,
  2006 WL 3147694 (N.D. Ill. Nov. 1, 2006) ............................................7, 10, 13

*Erickson v. Pardus*,
  551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)........................................4

*Goldberg v. 401 North Wabash Venture LLC*,
  2010 WL 1655089 (N.D. Ill. Apr. 22, 2010) ...........................................................7

*Greenberger v. GEICO Gen. Ins. Co.*,
  631 F.3d 392 (7th Cir. 2011) ...................................................................................7

*Gros v. Midland Credit Mgmt.*,
  525 F. Supp. 2d 1019 (N.D. Ill. 2007) ...............................................................9, 13

*Ibarolla v. Nutrex Research, Inc.*,
  2012 WL 5381236 (N.D. Ill. Oct. 31, 2012)............................................................15

*James v. Sheahan*,
  137 F.3d 1003 (7th Cir.1998) .................................................................................10

*M.W. Widoff, P.C. v. Encompass Ins. Co. of Am.*,
  2012 WL 769727 (N.D. Ill. Mar. 2, 2012)................................................................8

*Martin v. Heinold Commodities, Inc.*,
  117 Ill. 2d 67, 510 N.E.2d 840 (1987) ....................................................................13

*Morrison v. YTB Int'l, Inc.*,
    649 F.3d 533 (7th Cir. 2011) .................................................................12, 13

*Olech v. Village of Willowbrook*,
    138 F. Supp. 2d 1036 (N.D. Ill. 2000) ...................................................15

*Pappas v. Pella Corp.*,
    363 Ill. App. 3d 795, 844 N.E.2d 995 (2006) .........................................9

*Peddinghaus v. Peddinghaus*,
    314 Ill. App. 3d 900, 733 N.E.2d 797 (2000) .......................................15

*People ex rel Richard M. Daley v. Datacom Sys. Corp.*,
    146 Ill. 2d 1, 585 N.E.2d 51 (1991) ........................................................6

*Petri v. Gatlin*,
    997 F. Supp. 956 (N.D. Ill. 1997) ...............................................4, 6, 7 11

*Phillips v. Bally Total Fitness Holding Corp.*,
    372 Ill. App. 3d 53, 865 N.E.2d 310 (2007) .........................................13

*Prudential Ins. Co. of Am. v. Clark Consulting, Inc.*,
    548 F. Supp. 2d 619 (N.D. Ill. 2008) ...................................................15

*Rohlfing v. Manor Care, Inc.*,
    172 F.R.D. 330 (N.D. Ill. 1997) ..............................................................7

*Rumford v. Countrywide Funding Corp.*,
    287 Ill. App. 3d 330, 678 N.E.2d 369 (1997) .........................................6

*Russow v. Babola*,
    2 Ill. App. 3d 837, 277 N.E.2d 769 (1972) ...........................................14

*Satkar Hospitality Inc. v. Cook County Bd. of Review*,
    819 F. Supp. 2d 727 (N.D. Ill. 2011) ...................................................10

*The Clearing Corp. v. Financial & Energy Exch., Ltd.*,
    2010 WL 2836717 (N.D. Ill. July 16, 2010).........................................13

## STATUTES

815 ILCS § 505/1 *et seq*..............................................................................1

815 ILCS 505/2 *et seq*.................................................................................5

815 ILCS § 510/2 *et seq*..............................................................................1

# I. INTRODUCTION

The thrust of Defendant Stericycle, Inc.'s ("Stericycle") motion is that Plaintiff alleges a "garden-variety" breach of contract, and therefore its consumer fraud claims and other non-contractual claims should be dismissed. To the contrary, however, this is an easily recognizable consumer fraud case.

The following facts, presumed true, compel denial of Stericycle's motion. Stericycle induced customers to enter into contracts by claims of stable prices, without disclosing a corporate policy to raise rates every 9-12 months. It made it nearly impossible for aggrieved customers to escape this policy by imposing lengthy terms, severely limiting windows for termination, and providing for automatic renewals of its standard form contracts. It intentionally tried to ensure its price increases would pass undetected, placing them inconspicuously on bills with no express reference to the rate increase. To divert customers that discovered the price increases, it published false justifications for them. When customers persisted, it gave them assurances of price reductions that later turned out to be false.

Stericycle's motion to dismiss should be denied for the following reasons:

> *First*, under Illinois law, a plaintiff that alleges false statements, material omissions, and unfair conduct in addition to a breach of contract, as here, states a claim under Illinois' consumer fraud laws[1] and common law fraud jurisprudence.

> *Second*, Plaintiff's consumer fraud allegations amply allege a deceptive act or practice, and Stericycle erroneously conflates reliance and materiality.

> *Third*, Stericycle's contention that Plaintiff, as a non-resident of Illinois, lacks standing to pursue ICFA claims is without merit. The complaint amply demonstrates that the fraud occurred

---

[1] *See* the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq.*, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/2 *et seq.* Because Stericycle refers to these Acts collectively as the ICFA in its Memorandum of Law in Support of Stericycle, Inc.'s Motion to Dismiss ("MTD"), Plaintiff does so in this memorandum.

primarily and substantially in Illinois, the fraud emanated and was directed from Stericycle's headquarters in Illinois, Stericycle's own standard form contract states that Illinois law governs, its headquarters-based billing system implemented the fraud, and two headquarters departments were essential to the fraud.

## II.    PLAINTIFF'S ALLEGATIONS

Lyndon is a veterinary clinic in upstate New York and has been a Stericycle customer since at least 2008. Complaint ("Compl."), ¶ 9. Plaintiff brought this lawsuit as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure (*id*., ¶¶ 72-82) and asserts claims for breach of contract (*id*., ¶¶ 83-93), violation of the ICFA (*id*., ¶¶ 94-101), unjust enrichment (*id*., ¶¶ 102-105) and common law fraud (*id*., ¶¶ 106-110).

Stericycle is a Delaware corporation with its principal place of business and corporate headquarters in Illinois. *Id*., ¶ 10. Although Stericycle's executive operations are centered in Illinois, it provides medical waste disposal services to medical clinics, hospitals, medical labs, jails, and veterinary clinics throughout the country. *Id*., ¶ 1. Stericycle uses a standard contract that its customers must sign, typically providing for a one to five year term, automatic renewals, and a "flat rate" for the services provided. *Id*., ¶¶ 1, 17, 18, 19, 23, 24. Customers may terminate the contract only during limited, specified periods and with 60 days' notice. *Id*., ¶ 23. Although the contract permits some adjustments to the fixed rate, it only allows price changes to account for "operational changes" necessitated by "documented changes in the law" or to "address cost escalation." *Id*., ¶ 29. The contract specifies the application of Illinois law. *Id*., ¶ 19.

The essential allegations establishing Stericycle's breach of contract are quite simple: Stericycle, despite the fact that its form contract called for fixed rates and strictly limited the circumstances under which it could change those rates, imposed Automated Price Increases ("APIs") on its customers, typically 18% annually, even though no changes in the law or cost

- 2 -

escalations justified the increases.  *See id.*, ¶¶ 1, 2, 9, 19-29, 30-44, 60-65, 83-93.  In other words, Plaintiff's breach of contract claim boils down to Stericycle's simple act of charging more than was permitted by the form contract it imposed on its customers.  *Id.*

Plaintiff bases its claims for statutory and common law fraud and unjust enrichment upon related but distinct behaviors:  Stericycle induced customers to contract with it by lying about its rates, deceiving customers about the reasons for price increases, giving false assurances of price reductions to customers who complain, and intentionally obstructing customers from terminating their contracts.

First, to induce entry into contracts, Stericycle failed to disclose that it applied an API algorithm to its customers' accounts to impose systematic price increases without reference to customer agreements.  Compl., ¶¶ 1, 2, 30.  Second, Stericycle failed even to disclose that it was imposing price increases on customer accounts, but instead intentionally tried to slip in price increases without detection.  *Id.*, ¶¶ 2, 42, 43 (invoices showing that Stericycle raised prices without notice, requiring customers to compare invoices to spot the change), 44.[2]  Third, when customers did notice the APIs and complained, Stericycle provided false and misleading justifications for the price increases and offered fake "price reductions" to get customers to pay as much of the API as possible.  *Id.*, ¶¶ 45-48.  Fourth, Stericycle made it difficult for aggrieved customers to terminate their contracts by requiring them to sign standard form contracts that included lengthy contract terms, limited windows for termination, and automatic renewal provisions.  *Id.*, ¶ 23.  Fifth, Stericycle concealed its API scheme from its customers and the public by offering false sworn testimony by an executive that the price increases were authorized

---

[2] Stericycle's practice of imposing APIs by simply issuing invoices to its customers reflecting increased prices without indicating that it had done so or explaining why also constitutes an affirmative misrepresentation as to the amount of money customers owed.

by contract. *Id.*, ¶¶ 31, 96. And finally, Stericycle ceased APIs for certain federal government customers that objected, but it continued the policy for "small quantity" customers despite knowing it was illegal. *Id.*, ¶¶ 50-51.

## III.     ARGUMENT

In reviewing the sufficiency of a complaint under Rule 12(b)(6), the Court must accept all well pleaded facts as true and draw all permissible inferences in favor of the plaintiff. *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Federal Rules of Civil Procedure require only that a complaint provide the defendant with "'fair notice of what the … claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Supreme Court has described this notice-pleading standard as requiring a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly, supra*). Rule 9(b) requires that statutory and common law fraud claims be pleaded with specificity, but the specificity requirement may be relaxed when specific details are within the defendants' exclusive knowledge or control. *Petri v. Gatlin*, 997 F. Supp. 956, 974 (N.D. Ill. 1997). Plaintiff has met these standards with respect to each of the claims Defendant has asked this Court to dismiss.

## A.     Plaintiff Has Pleaded Facts Sufficient to Sustain Its Claims under the ICFA

Stericycle advances three theories for dismissing Plaintiff's ICFA claims. First, Stericycle argues that Plaintiff's ICFA claim based on Stericycle's deceptive conduct is nothing more than a dressed up breach of contract claim and is therefore not actionable under the ICFA. *See* MTD at 4-9. Second, Stericycle argues that Plaintiff failed to plead the elements of its deceptive conduct ICFA claim. *Id.* at 9-11. Third, Stericycle argues that Plaintiff, as a non-

- 4 -

resident of Illinois, cannot assert a claim under the ICFA. *Id.* at 11-12. Each of Defendant's arguments must fail for the reasons stated below.

> **1.** **Plaintiff's ICFA claim is based upon Stericycle's false statements and material omissions and not simply upon breach of contract.**

Stericycle's first and principal argument is that Plaintiff's ICFA consumer fraud claim fails because it is based solely on Stericycle's breaches of its contractual obligations. This argument is based upon *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill. 2d 100, 169, 835 N.E.2d 801, 844 (2005), and the uncontroversial statement that "[a] breach of contractual promise, without more, is not actionable" as deceptive conduct under the ICFA.

Stericycle's argument ignores the clear and simple fact that Plaintiff ***does*** allege more than just a breach of contract: it alleges numerous misleading statements as well as the concealment or omission of material facts. As described above, Plaintiff alleges numerous affirmative misrepresentations and fraudulent omissions that are distinct from Stericycle's contractual violation (*i.e.*, charging more than the contract specified). *See supra* at 3-4**;** Compl., ¶¶ 1, 2, 23, 30-31, 42-48, 50-51, 96.[3]

Stericycle acknowledges that alleged misrepresentations and material omissions can sustain an ICFA claim, but it suggests that such deceptive statements and omissions must relate directly to the characteristics of the product itself. *See* MTD at 4. Misrepresentations about the character of goods or services go to the root of the transaction and may fraudulently induce customers to enter into contracts. But these types of deceptive acts are not the only ones that will

---

[3] Stericycle's deceptive statements regarding the "reductions" it offered to customers form a separate basis for Plaintiff's ICFA claim. Under 815 ILCS 510/2, making "false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions" constitutes a deceptive trade practice. Violations of the 815 ILCS 510/2 also constitute actionable violations under the ICFA, 815 ILCS 505/2 *et seq.*

- 5 -

sustain an ICFA claim.  Deceptive statements about pricing are no less fundamental, and therefore may also sustain an ICFA claim, as a number of courts have held.

In *People ex rel Richard M. Daley v. Datacom Sys. Corp.*, 146 Ill. 2d 1, 585 N.E.2d 51 (1991), for example, the defendant was alleged to have "misrepresented the amounts … ow[ing]" in collection notices to parking violators and "attempted to collect additional monies in excess of the … fines owed." *Id.*, 146 Ill. 2d at 12-13.  The court found these allegations sufficient to state a claim:  "As a matter of law, for purposes of a motion to dismiss the action on the pleadings, we cannot say the notices were not misleading, or did not employ deception, fraud, false pretense, false promise, misrepresentation or the concealment or omission of a material fact in violation of the Consumer Fraud Act." *Id.* at 34-35.

In *Rumford v. Countrywide Funding Corp.*, 287 Ill. App. 3d 330, 678 N.E.2d 369 (1997), the plaintiff alleged that "defendant agreed under the terms of the contracts [with class members] to release the mortgage instruments without charge … but then imposed an additional charge at the time the mortgages were released." *Id.*, 287 Ill. App. 3d at 331.  The court rejected the argument that the plaintiff's allegations amounted to a simple breach of contract, holding that "plaintiff's consumer fraud claim was not based on a simple breach of contract but on an allegation that defendant was engaged in a pattern of misrepresenting to customers that additional charges would not be assessed at the time their mortgages were released." *Id.* at 336.

Federal courts have reached similar results.  In *Petri*, *supra*, the court declined to dismiss an IFCA claim because it "simply cannot be classified as a garden variety breach of contract claim." *Petri*, 997 F. Supp. at 968.  "[P]laintiffs allege not just that defendants regularly breached their … contracts, but also that defendants lured consumers into signing those contracts by … misrepresentations of material facts" including deceptive statements about pricing and a

"contractual ambiguity" that the defendant "exploited … by charging higher prices without full disclosure."  *Id.* at 962, 968.  *See also Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330, 334, 350 (N.D. Ill. 1997) (allowing an IFCA claim where plaintiff's "allegation is not merely that he has been overcharged for pharmaceutical services, but that the defendants misrepresented the prices he would be charged" and plaintiff was induced to use the services by promises of lower costs); *Goldberg v. 401 North Wabash Venture LLC*, 2010 WL 1655089, at *8 (N.D. Ill. Apr. 22, 2010) (sustaining an ICFA claim where defendant "concealed, suppressed, or failed to reveal" a number of material facts including "additional previously undisclosed daily charges" in connection with a real estate Purchase Agreement between the parties); *Dent-A-Med, Inc. v. Lifetime Smiles, P.C.*, 2006 WL 3147694, at *1, 6 (N.D. Ill. Nov. 1, 2006) (allowing an ICFA claim based on deceptive invoices pursuant to a Provider Agreement between the parties where the invoices reflected charges for unperformed work).  Thus, deceptive statements and omissions relating to price – like those Plaintiff alleges here – are sufficient to support a claim because they go beyond a "simple breach of contract."

Stericycle asserts that Plaintiff's ICFA claims must be dismissed because Stericycle used an automated algorithm to impose the APIs on its customers.  MTD at 7-8.  But there is no such blanket protection for unfair or deceptive conduct simply because it somehow involves the use of automated systems.

In the cases Stericycle cites, the role of the automated system related to the sufficiency of the defendant's performance of its contractual obligations rather than fraudulent inducement or concealment of material facts.  In *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011), Geico was alleged to have used automated estimating software that omitted or underestimated repair costs.  In other words, the software related to Geico's performance of its

- 7 -

obligation to pay covered claims.  *M.W. Widoff, P.C. v. Encompass Ins. Co. of Am.*, 2012 WL 769727, at *3-4 (N.D. Ill. Mar. 2, 2012), similarly involved an insurer's use of automated software that caused it to underpay claims.  Yet the *Widoff* court recognized that courts allow ICFA claims that "intersect with underlying contract claims where the plaintiff alleges that the defendant's misrepresentation induced the plaintiff to enter the contract."  *Id.*  Here, Plaintiff's ICFA claim is not premised on Stericycle's use of an automated system to breach its contract.  It is premised on the fact that Stericycle concealed material facts to induce customers to enter into purportedly "fixed price" contracts and took steps to conceal from its customers the very fact that it systematically raised prices.  Without those concealments, Plaintiff and other class members would have acted differently.  *See* Compl., ¶ 97.

Plaintiff's ICFA claim is not only legally proper, it also provides Plaintiff a remedy distinct from its breach of contract claim.  There may be years in which Stericycle's costs *did* increase proportionately to its automated price increases, and in these years Stericycle no doubt will argue that the price adjustment clause in its contract (*see supra* at 2) permitted its APIs.  Plaintiff contends, however, that Stericycle's pattern of deception described above violated the ICFA, regardless of whether in a given year Stericycle's costs increased commensurate with its APIs.  *See supra* at 3.  Plaintiff's ICFA claim preserves its right to damages for those years in which Stericycle's costs did increase, and (Stericycle would argue) Stericycle did not violate its contracts.[4]

---

[4] Plaintiff believes that none of Stericycle's APIs were adopted to "address cost escalation," and it therefore does not agree that coincidental increases in Stericycle's costs would immunize it from a breach of contract claim.

- 8 -

## 2.      Plaintiff has sufficiently alleged the elements of its ICFA claim.

Stericycle next faults the Complaint on the ground that Plaintiff has not adequately alleged the elements of a claim for deceptive practices under the ICFA. Stated more precisely, Defendant claims that Plaintiff failed to identify the deceptive acts or practices with sufficient particularity and that it failed to satisfy the proximate causation element. MTD at 9-11.

Stericycle's arguments fail because it has neither acknowledged nor addressed Plaintiff's separate claim that its conduct amounts to ***unfair***, as opposed to ***deceptive***, conduct. 815 I.L.S. § 505/2 makes it unlawful to engage in "unfair *or* deceptive acts or practices" (emphasis added). It is clear that the concepts of "unfair" versus "deceptive" conduct under the ICFA constitute distinct theories of recovery. "'Recovery may be had for unfair as well as deceptive conduct.'" *Pappas v. Pella Corp.*, 363 Ill. App. 3d 795, 804, 844 N.E.2d 995, 1003 (2006) (quoting *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417, 775 N.E.2d 951 (2002)). *See also Gros v. Midland Credit Mgmt.*, 525 F. Supp. 2d 1019, 1025 (N.D. Ill. 2007) ("recovery may also be had under the Act for conduct that is unfair") (citing *Robinson*, *supra*). Courts examine fairness with reference to the following factors: "'(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers.'" *Id.* (quoting *Robinson, supra)* (alteration in original); *see also Pappas*, 363 Ill. App. 3d at 804 (accord). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Gros*, 525 F. Supp. 2d at 1025.

The Complaint alleges that Stericycle committed both unfair ***and*** deceptive acts and practices. Compl., ¶¶ 95, 99. It also alleges that "Defendant's practice offended public policy, was immoral, unethical, oppressive, and unscrupulous, and caused substantial injury to consumers." *Id.*, ¶ 96. Defendant has not challenged the sufficiency of the allegations that

- 9 -

Stericycle's conduct was unfair, nor addressed the factors for assessing unfair conduct. Its motion to dismiss the ICFA claim should be denied on this ground.[5]

Plaintiff also has alleged the elements of an ICFA claim based on deceptive conduct. "To succeed in a cause of action under the [ICFA], a plaintiff must prove: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the occurrence of the deception in the course of conduct involving trade or commerce; and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Dent-A-Med*, 2006 WL 3147694, at *5 (citing 815 I.C.S.A. § 505/2 and *Pappas*, 363 Ill. App. 3d 795). Stericycle challenges only the sufficiency of the allegations supporting factors one and five.

Stericycle argues that Plaintiff failed to identify the alleged deceptive act with sufficient particularity to satisfy the requirements of Rule 9(b). MTD at 9. Stericycle's supposed difficulty in identifying the deceptive conduct is due not to any deficiency in the Complaint, but rather to its skewed interpretation of the Complaint in hopes of advancing its argument that Plaintiff's complaint is simply a "garden variety" breach of contract case. As detailed above, Plaintiff has specifically identified a number of deceptive and fraudulent acts. *See supra* at 3-4. These allegations identify the deceptive conduct with sufficient particularity to satisfy Rule 9(b).

The only one of these deceptive acts Stericycle acknowledges and addresses in its papers is Plaintiff's allegation that Stericycle provided false and misleading explanations when customers attempted to complain about the APIs it imposed. However, Plaintiff has adequately pled the facts within its knowledge. Plaintiff alleges that after it complained to Stericycle regarding an 18% price increase, "Stericycle then rescinded the API" and provided Plaintiff with

---

[5] Having failed to address the unfairness prong in its motion, it may not do so in reply or at oral argument. *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir.1998); *Satkar Hospitality Inc. v. Cook County Bd. of Review*, 819 F. Supp. 2d 727, 739 (N.D. Ill. 2011).

an "Addendum Price Increase Term and Pricing" that specified it would impose "a maximum …

annual increase of 5%," which was then followed by numerous additional price increases beyond

even that 5% limit.  *See* Compl., ¶¶ 62-65.  Further, the details regarding this conduct are

uniquely within Defendant's knowledge and therefore need not be pleaded with specificity at this

stage.  *Petri*, 997 F. Supp. at 974 ("Rule 9(b)'s requirements may be relaxed when specific

details are within the defendants' exclusive knowledge or control") (collecting cases in accord).

Thus, Plaintiff's allegations with respect to Stericycle's deceptive responses to customer

complaints are sufficient, as are the numerous other deceptive statements and omissions that

Stericycle has failed to even acknowledge in its briefing.

Stericycle also argues that Plaintiff failed to plead facts sufficient to establish the fifth

element of its IFCA claim, proximate causation.  MTD at 10-11.  Again, Stericycle's argument

fails because it has simply ignored Plaintiff's well-pleaded facts.  "Plaintiff's reliance is not an

element of statutory consumer fraud, but a valid claim must show that the consumer fraud

proximately caused plaintiff's injury."  *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 501,

675 N.E.2d 584, 593 (1996) (internal citations omitted).  *See also Cozzi Iron & Metal, Inc. v.

U.S. Office Equip., Inc*., 250 F.3d 570, 576 (7th Cir. 2001) (noting that "the Illinois Supreme

Court has repeatedly held that … a complaining party is not required to establish reliance, either

actual or reasonable, to state a claim under the Illinois Consumer Fraud Act" and collecting cases

in accord).  Allegations regarding causation "are sufficient if they involve material

misrepresentations.  'A misrepresentation is "material" and therefore actionable if it is such that

had the other party been aware of it, he would have acted differently.'"  *Brown v. Consumer

Installment Lenders Processing Center, Inc.*, 1996 WL 164294, at *9 (N.D. Ill. Apr. 1, 1996).

Here, Plaintiff alleges:

> Buyers such as Plaintiff and members of the class would have
> acted differently knowing that Defendant imposed APIs, and APIs
> concerned the type of information upon which a buyer would be
> expected to rely in making a decision whether to purchase.
> Plaintiff and members of the Class would have wanted to know
> that Defendant imposed automatic increases that bore no relation
> to its actual costs, and this information would have changed their
> and any reasonable customer's decision to use Defendant's
> services.

Compl., ¶ 97.  These allegations are sufficient to establish proximate causation at the pleading

stage.

### 3. The ICFA applies to Plaintiff's claims because the circumstances relating to the transaction at issue occurred substantially and primarily in Illinois.

Stericycle next argues that "Plaintiff's ICFA Claim Must Be Dismissed Because Non-

Illinois Residents Cannot Sue Under the Statute."  MTD at 11 (heading "C.").  However, that

heading misstates the law.  Illinois law ***does*** allow non-residents to assert ICFA claims so long as

the transaction can be said to have "occurred" in Illinois.  Thus, "a [non-Illinois] plaintiff may

pursue a private cause of action under the Consumer Fraud Act if the circumstances that relate to

the disputed transaction occur primarily and substantially in Illinois."  *Avery*, 216 Ill. 2d at 187.

In so holding, the *Avery* court recognized "that there is no single formula or bright-line test for

determining whether a transaction occurs within this state.  Rather, each case must be decided on

its own facts."  *Id.*  As the Seventh Circuit has stated, the rule set forth in *Avery* establishes a

"fuzzy standard" that is "not exactly self-defining."  *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533,

537-538 (7th Cir. 2011).

As a result, the inquiry is highly fact-specific and requires the examination of numerous

factors, no one of which is dispositive.  "*Avery* instructs courts to consider the totality of the

circumstances in determining whether the disputed transaction occurred 'primarily and

substantially' in Illinois.  It is therefore incorrect to focus on only one aspect of the disputed

transaction." *Gros v. Midland Credit Mgmt.*, 525 F. Supp. 2d at 1024 (internal citation omitted).

The *Avery* court provided guidance to courts considering the issue by citing the example of

*Martin v. Heinold Commodities, Inc.*, 117 Ill. 2d 67, 510 N.E.2d 840 (1987), as one where the

ICFA was properly applied to claims by non-residents considering these factors:

> (1) The contracts containing the deceptive statements were all executed in Illinois; (2) the defendant's principal place of business was in Illinois; (3) the contract contained express choice-of-law and forum-selection clauses specifying that any litigation would be conducted in Illinois under Illinois law; (4) complaints regarding the defendant's performance were to be directed to its Chicago office; and (5) payments for the defendant's services were to be sent to its Chicago office.

*Avery*, 216 Ill. 2d at 189.[6]

Here, the factors clearly favor application of Illinois law. Defendant admits that Plaintiff

alleges that Stericycle's fraudulent schemes emanated and were directed from Illinois. *See* MTD

at 12.[7] Stericycle's headquarters and principal place of business are in Illinois. Its form contract

(presumably drafted at its offices in Illinois) calls for the application of Illinois law. Moreover,

Plaintiff alleges that Stericycle executives implemented the API scheme when they "directed that

---

[6] *See also Morrison*, 649 F.3d at 536-7 (7th Cir. 2011) (noting that in *Avery*, in contrast to *Martin*, "[t]he only fact favoring application of Illinois law was that State Farm's headquarters … is in Illinois," and finding allegations sufficient to support an ICFA claim where the contract contained an Illinois choice of law clause, plaintiffs had dealings with agents located in Illinois, and complaints were "sent to YTB in Illinois and were resolved by it in Illinois"); *The Clearing Corp. v. Financial & Energy Exch., Ltd.*, 2010 WL 2836717, at *6 (N.D. Ill. July 16, 2010) (upholding IFCA claim by Australian company where the defendant's principal place of business was in Illinois and it performed services there, the contract at issue specified Illinois law and directed that communications to it be sent to Illinois, and where some of the misrepresentations were made in Illinois); *Dent-A-Med, Inc.*, 2006 WL 3147694, at *6 (upholding non-resident IFCA claims where deceptive invoices were prepared in Illinois by a defendant based there, and plaintiff had contact with employees based in Illinois; such contacts had "more connection to the alleged fraud than the mere hatching of a scheme or creation of a corporate policy").

[7] While neither this nor any other single factor is dispositive, it is "relevant in establishing the situs of a consumer transaction." *Phillips v. Bally Total Fitness Holding Corp.*, 372 Ill. App. 3d 53, 58, 865 N.E.2d 310, 315 (2007). *See also Avery*, 216 Ill. 2d at 187, 835 N.E.2d at 854 ("[w]e agree … that the place where a company policy is created or where a form document is drafted may be a relevant factor to consider in determining the location of a … transaction").

the Tower [billing and accounting software] system's programming default to an 18% 'automated price increase'" for its smaller customers. Compl., ¶¶ 1, 2, 33, 34. Stericycle also maintains and directs from its headquarters in Illinois a "customer complaint" and a "customer retention" department to handle customer complaints. Those employees were "directed by management to use false justifications" regarding the APIs and provide misleading "discounts" to customers who threaten to leave. *Id.*, ¶¶ 45-48. These allegations and the permissible inferences that may be drawn from them are amply sufficient to show that the operative transactions occurred substantially and primarily in Illinois.

## B. Plaintiff Has Sufficiently Pleaded Its Common Law Fraud Claim

Stericycle's arguments against Plaintiff's common law fraud claims are mostly duplicative of its arguments against the IFCA claims, the crux of which are that Plaintiff failed to plead the fraud claim with sufficient particularity. As stated above, Plaintiff has identified both affirmative deceptive statements made by Stericycle and information it fraudulently concealed (*see supra* at 3-4). Thus, Defendant's arguments are without merit.

Stericycle also asserts that Plaintiff failed to specify Stericycle's duty to disclose material facts. However, "[s]ilence accompanied by deceptive conduct or suppression of material facts results in active concealment, and it then becomes the duty of a person to speak." *Russow v. Babola*, 2 Ill. App. 3d 837, 841, 277 N.E.2d 769, 771 (1972). Here, Plaintiff alleged that Stericycle engaged in deceptive conduct and actively suppressed material facts. Stericycle's "active concealment" of material facts supports Plaintiff's fraud claim.

## C. Plaintiff's Unjust Enrichment Claim is Valid Because It is Based on Conduct that is or May Be Outside the Contract Between the Parties

Plaintiff agrees that its unjust enrichment claim cannot apply to behavior subject to and governed by the contract between the parties. However, Plaintiff's unjust enrichment claim is

- 14 -

analytically distinct from its breach of contract claim and is intended to apply to conduct that may fall outside the contract either because no valid contract exists or because the behavior complained of falls outside the contract. *See Prudential Ins. Co. of Am. v. Clark Consulting, Inc.*, 548 F. Supp. 2d 619, 622-24 (N.D. Ill. 2008) (noting that the existence of a contract may bar an unjust enrichment claim "unless the claim falls outside the contract" and holding that alternative pleading of breach of contract and unjust enrichment claims is permissible).

Further, Plaintiff alleges fraudulent inducement entitling it, potentially, to the remedy of rescission, voiding the contract. *See Peddinghaus v. Peddinghaus*, 314 Ill. App. 3d 900, 908, 733 N.E.2d 797, 803-04 (2000) (fraudulent inducement may support a claim of unjust enrichment).[8]

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Stericycle's Motion to Dismiss.


DATED:  July 3, 2013                    HAGENS BERMAN SOBOL SHAPIRO LLP


                                        By:   */s/ Jeffrey T. Sprung*
                                        Steve W. Berman
                                        Jeffrey T. Sprung
                                        HAGENS BERMAN SOBOL SHAPIRO LLP
                                        1918 Eighth Ave., Suite 3300
                                        Seattle, WA  98101
                                        Telephone:  (206) 623-7292
                                        Facsimile:  (206) 623-0594
                                        E-mail:    steve@hbsslaw.com
                                        E-mail:    jeffs@hbsslaw.com

---

[8] If the Court determines that any of the Plaintiff's allegations are insufficient to state a claim, Plaintiff respectfully requests leave to amend its Complaint. *See Ibarolla v. Nutrex Research, Inc.*, 2012 WL 5381236 (N.D. Ill. Oct. 31, 2012); *Olech v. Village of Willowbrook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000).

Elizabeth A. Fegan
Thomas Ahlering
HAGENS BERMAN SOBOL SHAPIRO LLP
1144 W. Lake Street – Suite 400
Oak Park, IL  60301
Telephone:  (708) 628-4949
Facsimile:   (708) 628-4950
E-mail:    beth@hbsslaw.com

*Attorneys for Plaintiff and the Proposed Class*

010362-11  620991 V2

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 3rd day of July, 2013, a true and correct copy of the

foregoing was filed with the Clerk of Court using the CM/ECF system, which will send

notification of such filing to the following:

- **Thomas E. Ahlering**
  toma@hbsslaw.com, chi_filings@hbsslaw.com
- **Steve W. Berman**
  steve@hbsslaw.com,carrie@hbsslaw.com
- **Paul Evans Chronis**
  pechronis@duanemorris.com,cmsterkowitz@duanemorris.com
- **Raymond J. Etcheverry**
  ecf@parsonsbehle.com
- **Elizabeth A. Fegan**
  beth@hbsslaw.com,chi_filings@hbsslaw.com
- **Mark A. Glick**
  ecf@parsonsbehle.com
- **Cory D. Sinclair**
  ecf@parsonsbehle.com
- **Juliette P. White**
  jwhite@parsonsbehle.com


*/s/ Jeffrey T. Sprung*
Jeffrey T. Sprung

010362-11  620991 V2